UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21 MJ 5294 NAB |
| | ) | |
| ADESUWA RENEE OGIOZEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING BOND

On September 17, 2021 this matter came before the undersigned for a hearing on the United States' motion for pretrial detention. (Doc. 13). Defendant is charged in two counts of a multi-defendant indictment. Ogiozee is charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 and with wire fraud in violation of 18 U.S.C. § 1343, and aiding and abetting, in violation of 18 U.S.C. § 2.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)(quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

In determining whether there are conditions that will reasonably assure a defendant's appearance or the safety of the community, the Bail Reform Act requires consideration of: (1)

1

the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including defendant's past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the danger the defendant poses to any person or the community upon her release. 18 U.S.C. § 3142(g).

As the Eighth Circuit has explained, in passing the Bail Reform Act, Congress was "demonstrating its concern about 'a small but identifiable group of particularly dangerous defendants.'" *Orta*, 760 F.2d at 890 (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 6-7). "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Id.* at 891. As the *Orta* Court explained: "[T]he legislative history stresses that the decision to provide for pretrial detention is in no way a derogation of the importance of the defendant's interest in remaining at liberty prior to trial. ***It is anticipated that pretrial release will continue to be appropriate for the majority of Federal defendants***." *Id*. at 890 (citing S.Rep. No. 225, 98th Cong., 1st Sess. p. 12) (emphasis in original).

As the Supreme Court recognized in *United States v. Salerno*, 481 U.S. 739, 755 (1987), "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception" As such, "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).

The evidence in this case consists of the facts contained in the written Pretrial Services Report (Doc. 6), which were not disputed by the parties. Thus, the facts contained in the written pretrial services report, together with arguments, information proffered at the detention hearing, form the factual basis for this order.

As the report indicates Ogiozee who is 37 years old, has no criminal history.  She has lived in the St. Louis area for six to seven years. She is purchasing her residence and currently

2

has her father living with her. Ogiozee was born in Nigeria and has family members residing there. She owns an auto broker business which she runs out of her home.

The government argued for detention claiming Ogiozee is a flight risk based on her ties in the United States and in Nigeria. It also contends that Ogiozee poses a danger to the community because of the nature of the charged offenses. The United States Pretrial Services Officer confirmed Ogiozee's history, residence and family ties. The officer recommends that Ogiozee be released on a secured bond with numerous conditions.

I find that the United States has not met the burden of showing that Ogiozee is a flight risk or danger to the community. After carefully considering the factors for detention under the Bail Reform Act, the arguments of counsel, the undisputed facts set out in the Pretrial Services report, and the record as a whole I find that the conditions set out in this order will reasonably assure the safety of the community and Defendant's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion for Pretrial Detention (Doc. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that Adesuwa Ogiozee shall be released from the custody of the United States Marshals Service on a **$25,000.00 (twenty-five thousand dollar) secured bond** with the following conditions:

1. Defendant must:

    a. Report to and be supervised by the Pretrial Services Office.

    b. Travel restricted to the Eastern District of Missouri for residency and the District of New Mexico for court related matters unless written permission for travel outside the districts is given by the U.S. Pretrial Services Office after consultation with the Court.

3

...

    c. Participate in Location Monitoring Program—Home Detention Component.

    d. Not possess any firearms or destructive devices.

    e. Surrender any domestic or foreign passports.

    f. Obtain no passport or other travel documents.

    g. Avoid all contact with any victims or witnesses, including co-defendants.

    h. Report as soon as possible to the supervising officer any contact with law enforcement personnel.

**IT IS FINALLY ORDERED** that Defendant's bond appearance will be set once Defendant has deposited the above-referenced amount with the Clerk of Court

Dated this 21st day of September 2021.

/s/ Nannette A. Baker/s/
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE